UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 24cr328-WQH |
| Plaintiff, | **ORDER** |
| v. | |
| STEPHANIE ANDREA DE LA CRUZ GALINDO, | |
| Defendant. | |

HAYES, Judge,

The matters before the Court are the Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) ("Motion for Compassionate Release," ECF No. 72), and the Emergency Supplemental Motion to Reduce Sentence Pursuant to First Step Act 18 U.S.C. § 3582(c)(1)(A) ("Supplemental Motion to Reduce Sentence," ECF No. 87), filed by Defendant Stephanie Andrea De La Cruz Galindo.

## I.    BACKGROUND

On January 24, 2024, a Complaint was filed in this Court charging Defendant with importation of a controlled substance in violation of 21 U.S.C. §§ 952 and 960. (ECF No. 1.) Based upon the facts alleged in the Complaint and recounted in the Presentence Investigation Report ("PSR"), on January 23, 2024, at approximately 10:08 p.m., Defendant arrived at the San Ysidro, California Port of Entry as the driver and registered owner of a 2017 Range Rover. Defendant's then three-year-old daughter was in the vehicle. In pre-primary inspection, a canine alerted to the front bumper of Defendant's vehicle. A

1

Customs and Border Protection officer received negative declarations from the Defendant who said she was going to Big Bear, California. In secondary inspection, an X-ray revealed anomalies in the quarter panels of Defendant's vehicle. Further inspection resulted in the discovery of 76 packages of 100% pure methamphetamine, weighing 38.6 kilograms (85.09 pounds), concealed in the front bumper, side panels, quarter panels, gas tank, and under a rear passenger seat of Defendant's vehicle.

On July 16, 2024, Defendant entered a plea of guilty to importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. (ECF Nos. 36, 39.)

On June 2, 2025, the Court conducted a sentencing hearing. (ECF No. 65.) At the hearing, defense counsel highlighted that Defendant "is the single mother of four" and "the reason why Ms. De La Cruz got involved in this case has to do with her desperation for money to be able to support her children." (ECF No. 91 at 4.) Defense counsel stated that Defendant "is currently doing family therapy with one of her daughters," who had been "diagnosed with depression." *Id*. Probation recommended a sentence of 48 months; the Government recommended a sentence of 28 months; and Defendant recommended a sentence of probation. After applying all adjustments and departures, the Court found that the advisory Guideline range was 37 to 46 months in custody. The Court addressed the factors stated in 18 U.S.C. § 3553(a), and concluded that, "[b]ased upon . . . many of the other 3553 factors such as the childcare issues, . . . I will vary but down to . . . a total sentence of 24 months in custody." *Id*. at 9. The Court granted Defendant's request to self-surrender, setting a self-surrender date of July 18, 2025. *See id*. at 11–12.

On September 24, 2025, Defendant, proceeding pro se, filed the pending Motion for Compassionate Release. (ECF No. 72.) Defendant requests that the Court reduce her sentence to time-served or place her on home confinement due to "extraordinary family circumstances" because her four children "are all suffering without me there" and her mother "is unable to care for my children, as she works fulltime and has no time to take my children to their specialized care and is not emotionally stable." *Id*. at 1–2.

24cr328-WQH

On September 30, 2025, the Court appointed Federal Defenders of San Diego, Inc. ("Federal Defenders") to review the Motion for Compassionate Release pursuant to General Order 692-B. (ECF No. 73.)

On October 16, 2025, 2025, Federal Defenders filed a status report stating that Federal Defendants "believes [Defendant] would benefit from assistance of counsel" and Federal Defendants "is willing and able to accept reappointment." (ECF No. 75 at 2.)

On October 20, 2025, the Court appointed Federal Defenders to represent Defendant for the purposes of the Motion for Compassionate Release, and adopted the briefing schedule proposed by Federal Defenders, requiring that any supplement to the Motion for Compassionate Release to be filed within 90 days. (ECF No. 76.)

On November 14, 2025, Defendant filed a handwritten, pro se "Motion for Leave to Request Status of Compassionate Release." (ECF No. 78.)

On January 22, 2026, March 5, 2026, April 13, 2026, and April 22, 2026, Defendant, represented by Federal Defenders,[1] filed joint motions for extension of time to file a supplement to the Motion for Compassionate Release. (ECF Nos. 79, 81, 83, 85.) The Court granted each joint motion and set the briefing schedule jointly requested by the parties. (ECF Nos. 80, 82, 84, 86.)

On April 27, 2026, Defendant filed the pending Supplemental Motion to Reduce Sentence. (ECF No. 87.) Defendant asserts that her mother, Graciela Galindo, has been the caretaker for her four children—ages 6, 14, 15, and 18—but Galindo "is finding it increasingly difficult to perform basic caretaking functions" because she works from 9 a.m. to 2 p.m., performs multiple school drop-offs and pick-ups for Defendant's children, Defendant's sister's children, and Defendant's teenage brother. *Id*. at 7–8. Galindo lives with Defendant's four children and Defendant's teenage brother in a "home [that] is paid for," with Defendant's sister living with her two children (ages 6 and 16) in "the in-law

---

[1] All subsequent filings by Defendant referenced in this Order were filed by Federal Defenders.

24cr328-WQH

unit" on the property and paying rent to Galindo. *Id*. Defendant's 15-year-old child has serious medical conditions that require her to receive medical treatment every three months and take a pill every day, while Defendant's 18-year-old child has serious medical conditions that require her to meet with a medical professional monthly and take medication. *See id*. at 9. Defendant contends that her "family circumstances rise to the level of 'extraordinary and compelling' under [United States Sentencing Guidelines ('U.S.S.G.')] § 1B1.13(b)(3) and (b)(5)" because Galindo is "incapacitated" due to Galindo and Defendant's sister being "unable to continue caring for [Defendant]'s four children in addition to their own three children, ages 16 (two teenagers) and 6." *Id*. at 13–14. Defendant asserts that she has "demonstrated significant rehabilitation" by working and completing classes while in custody and has a "strong release plan," which includes living and working with Galindo. *Id*. at 10, 19.

On May 4, 2026, the Government filed a response in opposition to the Motion for Compassionate Release and Supplemental Motion to Reduce Sentence. (ECF No. 89.)[2] The Government asserts that "Defendant's family circumstances are certainly sympathetic, but the Court was aware of her family circumstances when she was sentenced to 24-months custody." *Id*. at 1. The Government contends that, "[g]iven the circumstances in this particular case, compassionate release is not merited at this time" because "the reasons advanced for release do not satisfy the requisite legal standard, and the factors under Title 18, U.S.C. § 3553(a) also weigh against further reduction in Defendant's sentence." *Id*.

On June 1, 2026, Defendant filed a reply in support of the Supplemental Motion to Reduce Sentence. (ECF No. 95.) Defendant asserts that, on May 28, 2026, the BOP released Defendant to a halfway house located approximately an hour from her mother and children, and she is scheduled to be placed on home confinement on July 15, 2026. *Id*. at

---

[2] The Government agrees with Defendant that Defendant has complied with the exhaustion requirement for bringing a motion pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 89 at 5 n.1.)

24cr328-WQH

3. Defendant asserts that her "conditional release date is September 25, 2026." *Id*. at 4.[3] Defendant asserts that, since the filing of the Supplemental Motion to Reduce Sentence, Defendant's 18-year-old daughter's health problems have "worsened substantially" and she refuses to care for herself or allow her grandmother to care for her. *Id*. at 5. Defendant also asserts that her "mother has an immigration court date set for July 27, 2026, at which point she has been told she will need to either self-deport to Mexico—or risk being detained and deported at the hearing—because she failed to adjust her immigration status." *Id*. at 6.

## II.    DISCUSSION

"Our justice system relies on the finality of criminal judgments." *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. 2025) (citing *Teague v. Lane*, 489 U.S. 288, 309 (1989)). "Once imposed, a sentence may be altered 'only in very limited circumstances.'" *Id*. (quoting *Pepper v. United States*, 562 U.S. 476, 501–02 n.14 (2011)). "With 18 U.S.C. § 3582(c)(1)(A), Congress provided one such 'narrow' exception—sometimes called compassionate release—for when 'extraordinary and compelling reasons' warrant reducing a defendant's sentence." *Id*. (citing *Freeman v. United States*, 564 U.S. 522, 526 (2011)). Defendant's pending Motion for Compassionate Release and Supplemental Motion to Reduce Sentence are brought pursuant to § 3582(c)(1)(A), which states that, "the court … may reduce the term of imprisonment …, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction."

"Sentence reduction under § 3582(c)(1)(A) is discretionary." *Bryant*, 144 F.4th at 1123 (citing *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022)). "The statute allows that discretion to be exercised only when three conditions are met. First, the district court must find that 'extraordinary and compelling reasons' warrant a sentence reduction." *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)). "Second, the reduction must be 'consistent with

---

[3] According to the BOP's inmate locator, Defendant's projected release date is November 9, 2026. *See* BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited June 22, 2026).

24cr328-WQH

applicable policy statements issued by the Sentencing Commission.'" *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)). "Third, the district court must consider the sentencing factors in 18 U.S.C. § 3553(a)—including the nature of the offense and the defendant's characteristics—to determine 'whether the requested sentence reduction is warranted under the particular circumstances of the case.'" *Id*. (quoting *Wright*, 46 F.4th at 945; citing *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Wright*, 46 F.4th at 945 (citation omitted). Defendant bears the "burden to establish [her] eligibility for compassionate release." *Id*. at 951.

"Congress did not define the first condition, 'extraordinary and compelling reasons.'" *Bryant*, 144 F.4th at 1123. "It instead instructed the Sentencing Commission— 'in promulgating general policy statements' for § 3582(c)(1)(A)—to 'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" *Id*. (quoting 28 U.S.C. § 994(t)). "Congress put one limit on that delegation: 'Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *Id*. (quoting 28 U.S.C. § 994(t)).

"The Commission answered Congress's call with § 1B1.13 of the Sentencing Guidelines." *Id*. As relevant to the pending motions, the policy statement in § 1B1.13 defines "extraordinary and compelling reasons" to include "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." U.S.S.G. § 1B1.13(b)(3)(A). "The Commission also included a provision for 'Other Reasons.'" *Bryant*, 144 F.4th at 1124 (quoting U.S.S.G. § 1B1.13(b)(5)). "But that category is narrow—it is restricted to reasons 'similar in gravity' to the listed examples." *Id*. (quoting U.S.S.G. § 1B1.13(b)(5)).

The Supreme Court recently stated that, "[w]hile Congress has not defined the 'extraordinary and compelling reasons' that may warrant a reduced sentence, these criteria

24cr328-WQH

are not empty vessels." *Fernandez v. United States*, 146 S. Ct. 1292, 1302 (2026). The Supreme Court called this "a demanding standard," *id*., and stated that "'extraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing." *Rutherford v. United States*, 146 S. Ct. 1320, 1330 (2026).

First the Court considers whether Defendant has satisfied her burden of showing of "extraordinary and compelling reasons" pursuant to U.S.S.G. § 1B1.13(b)(3)(A), i.e., "[t]he death or incapacitation of the caregiver of" Defendant's children. For the purposes of § 1B1.13(b), "[i]ncapacitation must be adequately proven by the defendant through medical records or other forms of supporting evidence." *United States v. Moore*, No. 21-CR-02565-GPC-1, 2025 WL 2345226, at *4 (S.D. Cal. Aug. 13, 2025) (collecting cases). "'Incapacitated' has been interpreted to mean 'completely disabled,' and to refer to someone who 'cannot carry on any self-care and is totally confined to a bed or chair.'" *Id*. (citations omitted). Defendant offers no medical records or evidence to support her assertions that her mother is incapacitated. Instead, the pending motions contain a total of nine exhibits, seven of which relate solely to Defendant, one of which consists of medical records from March and April 2025 related to one of Defendant's children, and one of which consists of articles from the BOP website. Not only is this evidence insufficient to show that Defendant's mother is incapacitated, it also is insufficient to show that there are "[o]ther" "extraordinary and compelling reasons" warranting a sentence reduction that are similar in gravity to the examples listed in U.S.S.G. § 1B1.13(b).

Even if Defendant had provided evidence to support the assertions of fact made in the pending motions, the assertions regarding the difficulties experienced by Defendant's mother in caring for Defendant's children during Defendant's incarceration do not rise to the level of incapacitation. The Court recognizes the struggles and significant difficulties experienced by Defendant's mother and children. "Unfortunately, family members often are the most hurt when a parent … commits a crime." *Moore*, 2025 WL 2345226, at *5 (quoting *United States v. Schmuel*, No. 19-CR-03006-BAS-1, 2022 WL 623914, at *3 (S.D. Cal. Mar. 2, 2022)). Even if proven, these struggles and difficulties—whether

24cr328-WQH

considered alone or in combination with each other and with Defendant's evidence of rehabilitation and release plan—would not meet the demanding standard of "especially unusual and convincing" reasons warranting a sentence reduction pursuant to U.S.S.G. § 1B1.13(b)(3)(A) or (b)(5). *Rutherford*, 146 S. Ct. at 1330. For this reason alone, the pending motions must be denied. *See Wright*, 46 F.4th at 945.

The Court also "consider[s] the sentencing factors in 18 U.S.C. § 3553(a)—including the nature of the offense and the defendant's characteristics—to determine whether the requested sentence reduction is warranted under the particular circumstances of the case." *Bryant*, 144 F.4th at 1123 (quotation omitted). Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2). The Court must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (6).

As discussed above, Defendant admitted that she knowingly entered the United States in a vehicle concealing 85 pounds of methamphetamine. The Court found that, after all adjustments and departures, the advisory Guideline range was 37 to 46 months in custody. The Court addressed the factors stated in 18 U.S.C. § 3553(a), and concluded that, "[b]ased upon . . . many of the other 3553 factors such as the childcare issues, . . . I will vary but down to . . . a total sentence of 24 months in custody." (ECF No. 91 at 9.) In her most recent filing, Defendant relies upon eight cases from this district in which judges reduced the sentences of defendants convicted of drug crimes. (*See* ECF No. 95 at 17–18.) The shortest sentence *after* the reduction in those eight cases was a reduction to a 27-month

sentence. *See United States v. Casler*, No. 19-CR-4275-JLS, ECF No. 134 (S.D. Cal. June 6, 2023). Here, Defendant is asking for her sentence to be reduced to 11 months, which is significantly lower than the reduced sentences in these cited cases. Moreover, the Court considered the foreseeable childcare issues that arose during Defendant's incarceration. It was in part for this reason that the Court imposed a custodial sentence below the Guidelines and below the recommendations of Probation and the Government. The Court commends Defendant's positive efforts to rehabilitate while in custody and development of a release plan. However, the Court finds that Defendant's commendable progress while incarcerated, the difficult family circumstances discussed in the pending motions, and Defendant's understandable desire to resume caring for her children are not sufficient to alter the balance of the section 3553(a) factors that the Court found at sentencing. In light of the departure applied by the Court at sentencing and the seriousness of the offense, the Court finds that reducing Defendant's sentence would produce an unwarranted sentencing disparity among similarly situated defendants and fail to afford adequate deterrence to criminal conduct. For this reason, the pending motions for sentence reduction are denied. This denial is without prejudice to refile if there is a material change in circumstances, such as Galindo being detained or deported prior to Defendant being released or placed on home confinement.

## III.   CONCLUSION

IT IS HEREBY ORDERED that the Motion for Compassionate Release and the Supplemental Motion to Reduce Sentence are denied. (ECF Nos. 72 & 87.) The Motion for Leave to Request Status of Compassionate Release is denied as moot. (ECF No. 78.) This case remains closed.

Dated:  June 25, 2026

Hon. William Q. Hayes
United States District Court

24cr328-WQH